UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARY A. JASSO, et al.,

    Plaintiffs,                            CIV. S-05-2649 GEB PAN PS

    v.

CITIZENS TELECOMMUNICATIONS                  ORDER
COMPANY OF CALIFORNIA, INC.,
et al.,

    Defendants.

-o0o-

Plaintiffs move to remand this action to state court; defendants oppose and move to dismiss for failure to state a claim. The February 15, 2006, hearing scheduled on these matters is vacated. The motion to dismiss is submitted on the papers.

Plaintiffs are employees and family members of employees who worked seasonally for the California Department of Forestry and Fire Protection at the fire lookout tower on Likely Mountain in Shasta County. Defendants "owned, licensed, used, managed,

maintained and shared jointly and severally" the telecommunications equipment installed at Likely Mountain Telecommunications.  On October 14, 2005, plaintiffs filed their complaint in the Lassen County Superior Court alleging defendants neglected to protect plaintiffs from radiation exposure emitted by defendants' telecommunications equipment.

Defendant Modoc RSA Limited Partnership, dba Verizon Wireless, timely removed the action to this court December 30, 2005, within thirty days of being served process November 30, 2005.  28 U.S.C. § 1446(b).  Removal included the express consents of all other defendants.

This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction over pendant state claims).

The complaint asserts generally that plaintiffs' causes of action arise under both state and federal law,[1] and specifically cites the Federal Communications Commission,[2] the Occupational Safety and Health Act,[3] and Federal Hazardous Substance Act.[4] Plaintiffs' reliance on federal law is underscored by their request the court take judicial notice "of laws that defendants allegedly violated," which cites over ten federal statutes and

---

[1] See, Complaint, p. 1, lines 2, 22; p. 5, line 16; p. 7, line 24; p. 8, line 9; p. 9, lines 8, 22, 25-26.

[2] See, Complaint, p. 6, lines 21-22.

[3] Complaint, p. 6, lines 26-28, and p. 7, lines 1-9.

[4] Complaint, p. 7, lines 3-4.

2

regulations.

Plaintiffs oppose removal on the ground this action allegedly arose under California's workers' compensation laws, and is therefore expressly nonremovable under 28 U.S.C. § 1445(c).  However, plaintiffs do not name California or allege a violation of state workers' compensation laws, and defendants assert there is no employment relationship or history between the plaintiffs and any of the defendants.

Plaintiffs also assert that 28 U.S.C. § 1445(a) precludes removal of this action because defendants include a railroad. However, 28 U.S.C. § 1445(a) prevents the removal only of claims under the Federal Employees Liability Act by employees of a railroad common carrier at the time of the employee's injury.  45 U.S.C. § 51 et seq.  These are not the claims presented by plaintiffs.

Accordingly, plaintiffs' motion to remand this action to state court is denied.

So ordered.

Dated:  February 9, 2006.

                        /s/ Peter A. Nowinski
                        PETER A. NOWINSKI
                        Magistrate Judge