IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY A. JASSO, et al.,

    Plaintiffs,                                   No. CIV S-05-2649 GEB EFB PS

    vs.

CITIZENS TELECOMMUNICATIONS
COMPANY OF CALIFORNIA, INC., et al.,

                                              <u>ORDER</u>

    Defendants.

_____/

    This case, in which all plaintiffs are proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On August 17, 2007, a document was filed by pro se movant, Kurtis A. Ainslie, entitled "Plaintiff's Request for Substitution and Joinder of Real Party in Interest pursuant to F.R.C.P. 17(a)." Therein, Mr. Ainslie identifies himself as a plaintiff and requests "substitution and joinder of real party in interest" in the above-captioned case.

    The court's records reflect that Mr. Ainslie is not a plaintiff in the present action. It appears that Mr. Ainslie served this document on defendants sometime in June 2007, but failed to file it with the court until August 17, 2007. The record reflects that defendants filed responses to Mr. Ainslie's request in June 2007. In the lead response, Modoc RSA Limited Partnership and Cellco Partnership, both doing business as Verizon Wireless (referred to collectively as

1 "Verizon"), stated that they did not oppose his joinder, provided that it would not be construed
2 as a waiver of any defenses against Mr. Ainslie's claims, including any applicable statutes of
3 limitations. Defendants Alturas Ranches, LLC, Union Pacific Railroad Company, Sierra Pacific
4 Power Company, United States Cellular Corporation, California Rural Services Area #1, Inc.,
5 and Valley Industrial Communications, Inc., joined in Verizon's response. Defendants Citizens
6 Telecommunications Company of California, Inc. and Surprise Valley Electric did not respond
7 to the request.

8 Despite several defendants' non-opposition to Mr. Ainslie's joinder as a plaintiff in this
9 action, the court cannot determine whether or not his request should be granted. First, his
10 request is inappropriately brought under Fed. R. Civ. P. 17. Second, even liberally construing
11 the request as a motion to intervene pursuant to Fed. R. Civ. P. 24, he fails to allege any facts to
12 support such a motion. He does not allege that he suffered any injury, that defendants
13 proximately caused the injury, or that a favorable outcome to the lawsuit could redress his injury.
14 On that basis, the court denies plaintiff's motion without prejudice. To the extent plaintiff
15 wishes to join the present lawsuit as a plaintiff, he should file an appropriate motion under Fed.
16 R. Civ. P. 24, or alternatively, the current plaintiffs may file an appropriate motion under Fed. R.
17 Civ. P. 20.

18 The Clerk is directed to serve a courtesy copy of this order on Kurtis Ainslie at 415
19 Spruce Street, P.O. Box 2964, Sitka, AK 99835.

20 SO ORDERED.

21 DATED: October 4, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE