IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY A. JASSO, et al.,

       Plaintiffs,                          No. CIV S-05-2649 GEB EFB PS

    vs.

CITIZENS TELECOMMUNICATIONS
COMPANY OF CALIFORNIA, INC., et al.,
                                          ORDER

       Defendants.
_____/

       This case, in which all plaintiffs are proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On August 17, 2007, a document was filed by pro se movant, Kurtis A. Ainslie, entitled "Plaintiff's Request for Substitution and Joinder of Real Party in Interest pursuant to F.R.C.P. 17(a)." Therein, Mr. Ainslie identified himself as a plaintiff and requested "substitution and joinder of real party in interest" in the above-captioned case.

       Because Mr. Ainslie improperly brought the "request" pursuant to Rule 17(a), and because he alleged no facts showing that he should be added as a party, the court denied the request without prejudice and referred him and the other plaintiffs to Rules 20 and 24 of the Federal Rules of Procedure.

////

1  On November 1, 2007, Mr. Ainslie filed a "motion for intervention" pursuant to Fed. R.
2  Civ. P. 24. Defendants Modoc RSA Limited Partnership and Cellco Partnership, both doing
3  business as Verizon Wireless (referred to collectively as "Verizon"), filed an opposition thereto,
4  which was joined by several other defendants.[1]

5  Defendants object that Mr. Ainslie did not submit a separate proposed complaint in
6  intervention as required under Rule 24(c), but instead seems to have included his proposed
7  allegations within the body of the motion. Defendants do not otherwise oppose the motion,
8  provided the court order that his claims be subject to the court's previous orders on defendants'
9  motions to dismiss and subject to the answers already filed to the second amended complaint.

10  An applicant for intervention of right under Rule 24(a) must demonstrate that "(1) it has a
11  significant protectable interest relating to the property or transaction that is the subject of the
12  action; (2) the disposition of the action may, as a practical matter, impair or impede the
13  applicant's ability to protect its interests; (3) the application is timely; and (4) the existing parties
14  may not adequately represent the applicant's interest." *United States v. Alisal Water Corp.*, 370
15  F.3d 915, 919 (9th Cir. 2004) (internal quotation marks omitted).

16  Permissive intervention pursuant to Rule 24(b), may be allowed "[u]pon timely
17  application . . . when [the] applicant's claim or defense and the main action have a question of
18  law or fact in common." Fed. R. Civ. P. 24(b).

19  Mr. Ainslie does not allege or demonstrate all of these factors to warrant his intervention
20  as "of right" under Rule 24(a). However, construing his motion liberally as one made pursuant
21  to Rule 24(b), the court finds that his claims arise from his alleged exposure to and resultant
22  ////
23  ////

24  ---

25  [1] The opposition was joined by defendants Sierra Pacific Power Company, Valley
    Industrial Telecommunications, Inc., California Rural Services Area #1, Inc., United States
26  Cellular Corporation, and Alturas Ranches, LLC.

1 injuries from RF radiation at the Likely Mountain site.[2]  These claims implicate "question[s] of
2 law and fact in common" with plaintiffs' claims in the first amended complaint.

3      Rule 24(b) further provides that "in exercising its discretion the court shall consider
4 whether the intervention will unduly delay or prejudice the adjudication of the rights of the
5 original parties."

6      Because the court has already decided defendants' previous motions to dismiss, and
7 dismissed plaintiffs' ultrahazardous claims, the grant of intervention shall be conditioned on Mr.
8 Ainslie being subject to all previous rulings in this case.  He shall be added as a plaintiff and
9 shall be bound by the court's previous rulings in this matter.  *See Arizona v. California*, 460 U.S.
10 605, 615 (1983) (permission to intervene does not carry with it the right to relitigate matters
11 already determined in the case, unless those matters would otherwise be subject to
12 reconsideration); *see also United States v. School Dist.*, 367 F. Supp. 198, 201 (D. Neb. 1973)
13 (allowing permissive intervention provided the intervenors be prohibited from asserting any
14 defenses or claims previously adjudicated by the court or from reopening any questions
15 previously decided).  Mr. Ainslie has presented no evidence or argument justifying
16 reconsideration of the court's previous rulings, and the court binds him to all rulings and orders
17 previously made in this case.
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////

---

[2] Although Mr. Ainslie failed to attach to his motion a separate pleading setting forth the claim for which intervention was sought, the court construes the allegations in the motion as presenting the substance of his proposed complaint for purposes of complying with Fed. R. Civ. P. 24(c).

1     Accordingly, Mr. Ainslie's November 1, 2007, motion to intervene is granted consistent
2 with this order. The Clerk is directed to add him as a plaintiff and to serve a courtesy copy of
3 this order on him at his address on file with the court.
4     SO ORDERED.
5 DATED: February 11, 2008.

                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE