1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARY A. JASSO, et al.,

12              Plaintiffs,              2:05-cv-2649-GEB-EFB-PS

13        vs.

14   CITIZENS TELECOMMUNICATIONS
     COMPANY OF CALIFORNIA, INC., et al.,
15
                Defendant.              ORDER
16
     _____/
17

18          On March 11, 2009, the magistrate judge filed findings and recommendations

19   herein which were served on the parties and which contained notice that any objections to the

20   findings and recommendations were to be filed within ten days.  Plaintiffs filed objections on

21   March 25, 2009, and they were considered by the undersigned.

22          This court reviews de novo those portions of the proposed findings of fact to

23   which objection has been made.  28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v.

24   Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920

25   (1982).  As to any portion of the proposed findings of fact to which no objection has been made,

26   the court assumes its correctness and decides the motions on the applicable law.  See Orand v.

                                              1

United States, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

Plaintiffs' objections raise only two issues that warrant comment.  First, they assert that the Magistrate Judge overlooked readily available evidence supporting their central contention that radiation emission levels exceeded maximum standards.  They cite to their Exhibits 15 and 16 (Dckt. No. 190-2, at pp. 101 to 108) as direct evidence in support of their allegation that defendants' radiation emissions on Likely Mountain exceeded maximum permitted exposure standards during the relevant time period, 1992 to 2002.  Plaintiffs' Objections, at ¶ 7.  This evidence consists of plaintiffs' calculations, using a program offered by an amateur radio club, of estimated radiofrequency power densities emitted from the antennae of two defendants, utilizing data from the latters' FCC licensing information, and plaintiff's estimation of variables such as "distance to the area of interest."  This evidence, calculated in 2008, is not only theoretical but irrelevant to the time period at issue.

Second, plaintiffs assert that it is inappropriate to apply collateral estoppel to the instant action, filed against private telecommunication carriers, because the underlying state action challenged only the emissions of California state telecommunication providers, and the only evidence submitted in that action addressed the emissions of those state defendants.[1]  Plaintiffs' Objections, at ¶¶ 9-14.  Plaintiffs' objections misstate the evidence before the state court.  As set forth in the findings and recommendations, the pivotal issue of fact decided in the state court is that there exists no known scientific or objective measurement of radiation emissions on Likely Mountain for the relevant period, and no subsequent tests have found

///

///

---

[1]  The Magistrate Judge focused his analysis of collateral estoppel on plaintiff's challenge to the evidence as allegedly fraudulent, rather than inapplicable, as they now contend.

emissions that exceed maximum exposure standards.[2]

Thus, this finding of fact, unrebutted by any tangible evidence presented by plaintiffs in this court, precludes relitigation of the same matter here, regardless of the identity of the defendants.

Accordingly, having reviewed the applicable legal standards and, good cause appearing, the court concludes that it is appropriate to adopt the proposed Findings and Recommendations in full. IT IS THEREFORE ORDERED that:

1. The proposed Findings and Recommendations filed March 11, 2009, are ADOPTED;

2. Defendants' motion for summary judgment, Dckt. No. 170, is GRANTED;

3. Judgment is entered in their favor; and

4. The Clerk is directed to close the case.

Dated: March 30, 2009

GARLAND E. BURRELL, JR.
United States District Judge

---

[2] The subsequent evidence relied upon by the state court – particularly as set forth in the declarations of state engineers Richard Williams and Michael Ensminger – was based upon ambient radiofrequency measurements taken in 2005 and 2006, "everywhere a lookout employee might be considered to have normal access," and necessarily included "co-existing, non-State transmitters at each site," Ensminger Decl. at pp. 5-6 (Dckt. No. 170-5, at ¶¶ 20, 21), that is, "RF energy from sources other than State agencies at or around Likely Mountain," Williams Decl. at p. 6 (Dckt. No. 170-6, at ¶¶ 26, 30). The state court also considered the letter written to plaintiffs by FCC District Director Thomas VanStavern, which set forth the negative results of FCC testing in 2005, of the areas in which plaintiffs had worked and lived, and involving all communications facilities on the site. As concluded by Mr. VanStavern, the tests measured "no RFR levels at the area surveyed exceeding the Commission's MPE limits for public or occupational use." VanStavern Letter (Dckt. No. 171-2).

3